**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHOON'S DESIGN, LLC,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**WECOOL TOYS INC.,**<br><br>    **Defendant.** | **Civil Action No. 22-6424 (ES) (JBC)**<br><br>**OPINION** |

**SALAS, DISTRICT JUDGE**

  Plaintiff Choon's Design, LLC filed this action bringing claims for direct and indirect patent infringement against Defendant WeCool Toys Inc. (D.E. No. 1 ("Complaint" or "Compl.")). Before the Court is Defendant's motion to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (D.E. No. 16). Having considered the parties' submissions, the Court decides this matter without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the following reasons, Defendant's motion is **DENIED.**

**I.  BACKGROUND**

  **A.  Factual Allegations**

  In late 2011, Plaintiff introduced a product known as the "Rainbow Loom" onto the market. (Compl. ¶ 7). According to the Complaint, the Rainbow Loom is a kit including "among other things, a loom designed to be used with rubber bands to form links for making bracelets, necklaces, and even bags and other items." (*Id.*). In addition to a loom, rubber bands, and clips, Plaintiff's Rainbow Loom kit also allegedly includes a Mini Rainbow Loom, comprising a hook and a mini loom. (*Id.* ¶ 14). Plaintiff claims that the Rainbow Loom has received "great fanfare" and has become a smash hit within the toy industry. (*Id.* ¶¶ 9 & 12).

1

As alleged in the Complaint, Plaintiff is the owner of U.S. Patent No. 8,899,631 (the "'631 Patent" or "Asserted Patent"), which relates to a device, method, and kit that includes materials for creating a linked wearable item from elastic bands. (*Id.* ¶¶ 16–26; D.E. No. 1-3, Ex. 2 ("'631 Patent") to Compl. at 1:27–31). The '631 Patent is entitled "Brunnian Link Making Device and Kit" and issued on December 2, 2014. ('631 Patent at Face Page). One of the aims of the invention disclosed in the '631 Patent is to create a kit that "provides not only the materials for creating a unique wearable item" but also provides for simplified construction "to make it easy for people of many skill and artistic levels to successfully create a desirable and durable wearable item." ('631 Patent at 1:11–24). The '631 Patent claims, among other things, the following:

> 10. A kit for creating an item consisting of a series of links, the kit comprising:
>
> a template including at least two pins spaced apart from each other, each of the pins including a first end, a base end, and an access groove; and
>
> at least one clip including inward facing ends for securing ends of the series of links together.

('631 Patent at 4:41–47). According to the Complaint, the tremendous success of Plaintiff's Rainbow Loom within the toy industry has led to the creation of numerous copycat products. (Compl. ¶ 15). Relevant here, Plaintiff alleges that Defendant has produced two such products called (i) the Fashion Bandz Jewelry Kit, and (ii) the Fashion Bandz Go Cup (together "Accused Products"). (*Id.*). Plaintiff asserts that these two products are directly and indirectly infringing at least Claim 10 of the '631 Patent. (*Id.* ¶¶ 16–47).

B.   **Procedural History**

Plaintiff initiated this action against Defendant on November 2, 2022, asserting claims for (i) direct infringement of the '631 Patent under 35 U.S.C. § 271(a); and (ii) indirect, or more specifically, induced infringement of the '631 Patent under 35 U.S.C. § 271(b). (*Id.* ¶¶ 23–47).

On December 12, 2022, Defendant moved to dismiss Plaintiff's Complaint. (D.E. No. 16; D.E. No. 16-1 ("Mov. Br.")). Defendant asserts that based on the prosecution and enforcement histories of the '631 Patent and its related patents, including U.S. Patent Numbers 8,485,565 (the "'565 Patent"); 8,684,420 (the "'420 Patent"); and 8,622,441 (the "'441 Patent"),[1] at least Claim 10 of the '631 Patent—asserted in this matter—is invalid and unenforceable as a matter of law. (Mov. Br. at 1). More specifically, Defendant contends that Plaintiff has forfeited, or disclaimed, multiple claims in the '565 Patent, '420 Patent, and '441 Patent in response to validity challenges, effectively acknowledging that those forfeited claims are invalid. (*Id.* at 3 & 6–7). And Defendant asserts that Claim 10 of the '631 Patent is not distinct from the forfeited claims in the '565 Patent, '420 Patent, and '441 Patent. (*Id.* at 7–13). As such, Defendant argues that the '631 Patent is invalid and unenforceable as a matter of law and thus cannot be asserted against it in the present matter. (*Id.*). The motion is fully briefed. (D.E. No. 20 ("Opp. Br."); D.E. No. 21 ("Reply")).

## II.   LEGAL STANDARD

In assessing whether a complaint states a cause of action sufficient to survive dismissal under Rule 12(b)(6), the Court accepts "all well-pleaded allegations as true and draw[s] all reasonable inferences in favor of the plaintiff." *City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 878 (3d Cir. 2018). "[T]hreadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements" are all disregarded. *Id.* at 878–79 (quoting *James v. City of Wilkes-Barre*, 700 F.3d 675, 681 (3d Cir. 2012)). The complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and a claim is facially plausible when the plaintiff "pleads factual content that allows the court to

---

[1] The '565 Patent is the parent patent to the '420 Patent and '631 Patent, and the '631 Patent is the parent patent to the '441 Patent. (*See* Mov. Br. at 3 & 10 n.6; '631 Patent at Face Page; '420 Patent at Face Page; '441 Patent at Face Page).

3

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Zuber v. Boscov's*, 871 F.3d 255, 258 (3d Cir. 2017) (first quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010); and then quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## III.   DISCUSSION

Defendant asserts that Plaintiff's Complaint should be dismissed because the prosecution and enforcement histories of the '420 Patent, '441 Patent, and '565 Patent indicate that at least Claim 10 of the '631 Patent—asserted in this matter—is invalid and unenforceable as a matter of law. (Mov. Br. at 1).[2] More specifically, Defendants point out that during proceedings before the United States Patent Trial and Appeal Board ("PTAB"), Plaintiff disclaimed multiple claims in the '420 Patent, '441 Patent, and '565 Patent. (*Id.* at 6–7). Defendant contends that pursuant to 37 C.F.R. § 42.73(b)(1)–(2), Plaintiff's voluntarily disclaimers of claims within the '420 Patent, '441 Patent, and '565 Patent had the legal effect of creating an adverse judgment as to those claims. (*Id.* at 8). According to Defendant, once a patent owner has sought or received an adverse judgment, they are estopped, under 37 C.F.R. § 42.73(d)(3), from taking any action inconsistent

---

[2] In support of its motion to dismiss, Defendant references claim language from the '565 Patent, '420 Patent, and '441 Patent, which were not attached to or referenced in the Complaint. (Mov. Br. at 11). Defendant also relies on the prosecution histories of the '631 Patent, '565 Patent,'420 Patent, and '441 Patent. (*Id.* at 3–7). It also relies on documents filed with the PTAB and decisions rendered by the PTAB with respect to these patents. (*Id.* at 6–7). In evaluating the sufficiency of a complaint under Rule 12(b)(6), a district court must accept all well-pleaded facts as true. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). In considering a motion to dismiss, a district court may also consider any document integral to or relied upon in a complaint and take judicial notice of any public records. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997); *Pension Benefit Guar. Corp. v. White Consol. Indus.*, Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). Courts have taken judicial notice of patent documents for purposes of a motion to dismiss because they are public documents. *Beteiro, LLC v. BetMGM, LLC*, 626 F. Supp. 3d 789, 793 n.2 (D.N.J. 2022). Courts have likewise taken judicial notice of prosecution histories for purposes of a motion to dismiss because such documents are public records. *Genetic Techs. Ltd. v. Bristol-Myers Squibb Co.*, 72 F. Supp. 3d 521, 526 (D. Del. 2014), *aff'd sub nom. Genetic Techs. Ltd. v. Merial L.L.C.*, 818 F.3d 1369 (Fed. Cir. 2016) (citations omitted) ("A court may also take judicial notice of the prosecution histories, which are public records."). Finally, courts have considered content in inter partes review ("IPR") Petitions and the Patent Trial and Appeal Board's ("PTAB") rulings in those proceedings on a Rule 12(b)(6) motion, since such documents are matters of public record. *See Princeton Digital Image Corp. v. Konami Digital Ent. Inc.*, No. 12-1461, 2017 WL 239326, at *3 n.7 (D. Del. Jan. 19, 2017); *Choon's Design, LLC v. Zenacon, LLC*, No. 13-13568, 2015 WL 539441, at *5 (E.D. Mich. Feb. 9, 2015). And Plaintiff does not object to Defendant's reliance on these materials. (*See generally* Opp. Br.). As such, the Court properly considers these documents for purposes of this motion.

with the adverse judgment, including obtaining in any patent "[a] claim that is not patentably distinct from a finally refused or cancelled claim." (*Id.* (citing 37 C.F.R. § 42.73(d)(3)). Defendant argues that Plaintiff has taken actions inconsistent with the adverse judgments applicable to the '420 Patent, '441 Patent, and '565 Patent by (i) obtaining Claim 10 in the '631 Patent; and/or (ii) suing for infringement based on Claim 10 of the '631 Patent which Defendant asserts is not patentably distinct from the claims Plaintiff has disclaimed in the '420 Patent, '441 Patent, and '565 Patent. (*Id.* at 9 & 12–13). As such, Defendant contends that Plaintiff is attempting to enforce a patent claim in the '631 Patent—Claim 10—that it knows is invalid and unenforceable. (*Id.* at 8). Before addressing Defendant's arguments, the Court will briefly outline the regulations that are relevant to Defendant's motion.

37 C.F.R. § 42.73 explains the effects of a PTAB judgment. Pursuant to § 42.73(b), a "party may request judgment against itself at any time during a proceeding" before the PTAB. 37 C.F.R. § 42.73(b). Relevant here, actions that can be construed as a request for adverse judgment include a (i) "[d]isclaimer of the involved application or patent;" or (ii) "[c]ancellation or disclaimer of a claim such that the party has no remaining claim in the trial." *Id.* § 42.73(b)(1)–(2). After the PTAB enters an adverse judgment, an estoppel effect attaches which precludes a patent owner "from taking action inconsistent with the adverse judgment." *Id.* § 42.73(d)(3).[3] This estoppel provision applies to claims that are "not patentably distinct from . . . [a] canceled claim." *Id.* § 42.73(d)(3)(i).

---

[3] Plaintiff does not dispute that the phrase "action inconsistent with the adverse judgment" in § 42.73(d)(3) includes actions taken in a federal lawsuit. *But see, e.g., Clearlamp, LLC v. LKQ Corp.*, No. 12-2533, 2016 WL 4734389, at *6 n.8 (N.D. Ill. Mar. 18, 2016), *judgment entered*, No. 12 2533, 2016 WL 7013478 (N.D. Ill. Nov. 30, 2016) ("The scope of 37 C.F.R. § 42.73(d)(3) is limited to proceedings before the PTAB"); 37 C.F.R. § 42.73(d)(3)(i), (ii) (pertaining to preclusion in "obtaining in any patent"). Though it is not clear that § 42.73(d)(3) is meant to preclude actions taken outside of proceedings before the USPTO, the Court assumes—without deciding—that actions taken in a federal lawsuit are precluded for purposes of this motion. *Zenacon*, 2015 WL 539441, at *7.

5

### A.     The '420 Patent

First, Defendant asserts that Plaintiff's Complaint should be dismissed because the prosecution and enforcement history of the '420 Patent, indicates that at least Claim 10 of the '631 Patent is invalid and unenforceable as a matter of law. (Mov. Br. at 1). More specifically, Defendant points out that on September 4, 2015, Tristar Products, Inc. filed a petition for inter partes review ("IPR") with the PTAB, arguing that Claims 1, 3, and 6 of the '420 Patent were invalid. (*Id.* at 7); *Tristar Prod., Inc. v. Choon's Design, LLC*, No. IPR2015-01883, 2015 WL 5657866 (Petition for IPR) (Sept. 4, 2015); *Tristar Prod., Inc. v. Choon's Design, LLC*, No. IPR2015-01883, 2017 WL 946708, at *1 (P.T.A.B. Mar. 7, 2017). On December 10, 2015, before the PTAB rendered any decision with respect to the petition, Plaintiff voluntarily disclaimed Claims 1 and 6 of the '420 Patent such that Claim 3 was the only remaining claim at issue in the petition. *Tristar Prod., Inc.*, 2017 WL 946708, at *1; *Tristar Prod., Inc. v. Choon's Design, LLC*, No. IPR2015-01883, 2015 WL 8492489 (Patent Owner Preliminary Response) (Dec. 11, 2015) (*See also* D.E. No. 16-7, Ex. F to Mov. Br. at 3[4]). In March 2016, the PTAB instituted review with respect to Claim 3 but ultimately found that the petitioner had not shown, by a preponderance of the evidence, that Claim 3 of the '420 Patent was unpatentable. *Tristar Prod.*, 2017 WL 946708, at *1; (*See also* D.E. No. 16-8, Ex. G to Mov. Br.).

Defendant contends that Plaintiff's voluntarily disclaimers of claims within the '420 Patent had the legal effect of creating an adverse judgment as to those claims. (Mov. Br. at 8). Defendant argues that Plaintiff has taken actions inconsistent with the adverse judgments applicable to the '420 Patent by (i) obtaining and/or (ii) enforcing Claim 10 in the '631 Patent, which Defendant asserts is not patentably distinct from Claims 6 and 8 that Plaintiff voluntarily disclaimed in

---

[4]      Pin cites to Docket Entry Number 16-7 correspond to the pagination automatically generated by the Court's electronic filing system.

connection with the '420 Patent.[5] To support its argument that Claim 10 of the '631 Patent is not patentably distinct from the claims in the '420 Patent, Defendant points out that the '631 Patent is terminally disclaimed over claims in the '420 Patent, including Claim 6 and 8.[6] (Mov. Br. at 5–6 & 12–13). In opposition, Plaintiff argues that its voluntary disclaimers did not result in any adverse judgment with respect to claims in the '420 Patent. (Opp. Br. at 2 & 14–15). As such, Plaintiff contends that it is not taking any action inconsistent with any adverse judgment in this matter. (*Id.*). For the reasons set forth below, the Court finds that Plaintiff's voluntary disclaimers of Claim 6 and 8 within the '420 Patent did not result in any adverse judgment with respect to those claims. And as a result, Plaintiff's procurement and/or enforcement of the '631 Patent in this matter is not inconsistent with any adverse judgment applicable to the '420 Patent.

To start, Defendant appears to contend that Plaintiff's voluntarily disclaimer of Claim 6 within the '420 Patent had the legal effect of creating an adverse judgment as to that claim. (Mov. Br. at 7–13). The Court disagrees. As explained above, 37 C.F.R. § 42.73(b) provides that

---

[5] While Defendant asserts that Claim 10 of the '631 Patent is not patentably distinct from Claim 6 of the '420 Patent, as Plaintiff points out, Defendant appears to compare the claim language in Claim 10 of the '631 Patent to claim language found in Claim 8 of the '420 Patent. (Mov. Br. at 11; Opp. Br. at 12 n. 2; '420 Patent at 6:4–7). And on page 13 of its Moving Brief, Defendant contends that Claim 10 of the '631 Patent is not patentably distinct from Claim 6 and Claim 8 of the '420 Patent. (Mov. Br. at 13). As such, for purposes of this motion, the Court construes Defendant's motion as arguing that Claim 10 of the '631 Patent is patentably indistinct from both Claim 6 and Claim 8 of the '420 Patent. And, the Court will consider whether any disclaimer of Claim 6 and Claim 8 of the '420 Patent resulted in an adverse judgment as to both of those claims.

[6] During prosecution of the '631 Patent, the examiner rejected the then-pending claims for obviousness-type double patenting in light of the '420 Patent. (D.E. No. 16-2, Ex. A to Mov. Br. at 5). "[T]he doctrine of obviousness-type double patenting was developed to prevent a patent owner from extending his exclusive right to an invention through claims in a later-filed patent that are not *patentably distinct* from [an] earlier filed patent." *SimpleAir, Inc. v. Google LLC*, 884 F.3d 1160, 1167 (Fed. Cir. 2018) (internal quotations and citation omitted) (emphasis added). To overcome a rejection for obviousness-type double patenting, an applicant may file a terminal disclaimer, which forces the new patent to be commonly owned with the earlier patent and to expire no later than the earlier patent. *SimpleAir*, 884 F.3d at 1163. Here, the applicant of the '631 Patent filed a terminal disclaimer to overcome the obviousness-type double patenting rejection over the '420 Patent. (D.E. No. 16-3, Ex. B to Mov. Br. at 2). As such, by filing the terminal disclaimer, Plaintiff disclaimed the portion of the term of the '631 Patent which extended beyond the expiration date of the '420 Patent, allowing the '631 Patent to issue. Defendant contends that Plaintiff's filing of the terminal disclaimer indicates that Claim 10 of the '631 Patent is not patentably distinct from the claims in the '420 Patent, including Claims 6 and 8. (Mov. Br. at 5–6 & 12–13).

7

"[a]ctions construed to be a request for adverse judgment include: (i) [d]isclaimer of the involved application or patent [and] (ii) [c]ancellation or disclaimer of a claim such that the party has no remaining claim in the trial." 37 C.F.R. § 42.73(b)(1)–(2).[7] Contrary to Defendant's assertion (Mov. Br. at 8), neither scenario is applicable here. More specifically, after Tristar filed an IPR with respect to Claims 1, 3, and 6 the '420 Patent, Plaintiff only voluntarily disclaimed Claims 1 and 6 of the '420 Patent but made clear that Claim 3 remained at issue in the petition. *Tristar Prod., Inc. v. Choon's Design, LLC*, No. IPR2015-01883, 2015 WL 8492489 (Patent Owner Preliminary Response) (Dec. 11, 2015); (D.E. No. 16-7, Ex. F to Mov. Br. at 3). By disclaiming only two of the three challenged claims in the petition, Plaintiff did not disclaim the entire patent under § 42.73(b)(1). Nor did Plaintiff disclaim all challenged claims in the petition such that there were no remaining claims in the trial under § 42.73(b)(2)—Claim 3 remained at issue. *Tristar Prod.*, 2017 WL 946708, at *1. The PTAB has stated that adverse judgment is inappropriate where only a subset of challenged claims have been disclaimed and others remain in the trial. *Intel Corp. v. VLSI Tech. LLC*, IPR2018-01040, 2020 WL 719058, at * 6 (P.T.A.B. Feb. 12, 2020) (explaining that § 42.73(b) did not apply to a disclaimer of a subset of claims in a challenged IPR petition because patent owner did not disclaim entire patent and several challenged claims remained in the trial). As such, Plaintiff's voluntary disclaimer of Claim 6 could not have amounted to a request for adverse judgment under § 42.73(b)(1)–(2). And in fact, Defendant does not argue or show that the PTAB ever entered adverse judgment with respect to Claim 6. Rather, after Plaintiff

---

[7] Other actions that can be construed as a request for adverse judgment under 37 C.F.R. § 42.73(b) include a "(3) concession of unpatentability or derivation of the contested subject matter;" and "(4) abandonment of the contest." 37 C.F.R. § 42.73(b)(3)–(4). In its moving brief, Defendant appears to suggest, through a cursory citation, that Plaintiff's voluntarily disclaimer of Claim 6 of the '420 Patent amounted to an adverse judgment as to that claim under 37 C.F.R. § 42.73(b)(3) based on a "concession of unpatentability." (*See* Mov. Br. at 7). Defendant, however, does not point to any statements made by Plaintiff, to indicate that Plaintiff conceded that Claim 6 of the '420 Patent is unpatentable. And other than providing a conclusory citation to 37 C.F.R. § 42.73(b)(3), Defendant does not explain why this provision is applicable to the instant motion. As such, the Court finds 37 C.F.R. § 42.73(b)(3) inapplicable.

disclaimed Claims 1 and 6 of the '420 Patent, the PTAB instituted review with respect to Claim 3 but ultimately found that the petitioner had not shown, by a preponderance of the evidence, that Claim 3 of the '420 Patent was unpatentable. *Tristar Prod.*, 2017 WL 946708, at *1. Accordingly, the Court cannot say that Plaintiff is taking an action inconsistent with any adverse judgment sought or rendered with respect to Claim 6 of the '420 Patent under 37 C.F.R. § 42.73(d)(3).

Further, Defendant appears to contend that Plaintiff's voluntarily disclaimer of Claim 8 within the '420 Patent had the legal effect of creating an adverse judgment as to that claim. (Mov. Br. at 11 & 13; Opp. Br. at 12 n. 2; '420 Patent at 6:4–7). Again, the Court disagrees. Plaintiff did not disclaim Claim 8 in the context of any PTAB proceeding. Plaintiff's disclaimer was on June 25, 2014 (D.E. No. 16-7, Ex. F. to Mov. Br. at 1) whereas IPR of the '420 Patent was not sought until September 2015. *Tristar Prod., Inc. v. Choon's Design, LLC*, No. IPR2015-01883, 2015 WL 5657866 (Petition for IPR) (Sept. 4, 2015).[8] As such, by disclaiming Claim 8 outside the context of any PTAB proceedings, Plaintiff neither disclaimed the entire patent under § 42.73(b)(1), nor disclaimed all challenged claims in any petition such that there were no remaining claims in a trial before the PTAB under § 42.73(b)(2). While 37 C.F.R. § 42.73(d)(3) estops Plaintiff from, in the language of that regulation, "taking action inconsistent with the adverse judgment," at least one other court has pointed out that "judgment" is limited to a written decision by the PTAB or the termination of a PTAB proceeding. *Zenacon*, 2015 WL 539441, at *15 (citing 37 C.F.R. § 42.2). Because Plaintiff did not disclaim Claim 8 in the context of any PTAB proceeding, and the PTAB never considered Claim 8, let alone issued an adverse judgment

---

[8]   The '420 Patent appears to have been subject to two other proceedings before the PTAB. However, Claim 8 was disclaimed before the petition in either of those other proceedings was filed as well. *See, e.g.*, *LaRose Industries, LLC v. Choon's Design, Inc.*, 2014 WL 3841766 (Petition for Post Grant Review) (Aug. 5, 2014); *IdeaVillage Products, Corp. v. Choon's Design, Inc.*, 2015 WL 2259136 (Notice of Filing of Petition for Inter Partes Review) (May 4, 2015).

regarding it, the Court cannot say that Plaintiff is taking an action inconsistent with any adverse judgment sought or rendered with respect to Claim 8 of the '420 Patent under § 42.73(d)(3).

Defendant contends that by voluntarily disclaiming claims within the '420 Patent, Plaintiff effectively acknowledged that those claims are invalid. (Mov. Br. at 7; Reply at 13). According to Defendant, because Claims 6 and 8 of the '420 Patent, which Plaintiff disclaimed, are patentably indistinct from Claim 10 of the 631 Patent, Plaintiff has also acknowledged that Claim 10 of the 631 Patent is invalid. (Mov. Br. at 11). To the extent Defendant asserts that Plaintiff disclaimed Claims 6 and 8 of the '420 Patent because it recognized that those claims were invalid, Defendant overlooks the possibility that there might be other reasons for Plaintiff to have disclaimed those claims. And regardless, the sole basis of Defendant's motion to dismiss is that § 42.73(d)(3) estops Plaintiff from, in the language of that regulation, "taking action inconsistent with the adverse judgment." (Mov. Br. at 1 & 8–13; Reply at 3 & 13). And as explained above, that provision is inapplicable with respect to Claims 6 and 8 of the '420 Patent. *Zenacon, LLC*, 2015 WL 539441, at *15. As such, Defendant's argument is unavailing.

### B. The '441 Patent

Second, Defendant asserts that Plaintiff's Complaint should be dismissed because the prosecution and enforcement history of the '441 Patent indicates that at least Claim 10 of the '631 Patent is invalid and unenforceable as a matter of law. (Mov. Br. at 1). More specifically, on March 3, 2015, Tristar Products, Inc. filed a petition for IPR with the PTAB, contending that Claims 1, 2, 5, 11, 12, 15, and 16 of the '441 Patent were invalid. (*Id.* at 7); *Tristar Prod., Inc., v. Choon's Design, Inc.*, No. IPR2015-00840, 2015 WL 1025825, at *1 (Petition for IPR) (Mar. 3, 2015); *Tristar Prod., Inc., v. Choon's Design, LLC*, No. IPR2015-00840, 2015 WL 5169147, at *1 (P.T.A.B. Aug. 26, 2015). On June 19, 2015, before the PTAB rendered any decision with

respect to the petition, Plaintiff voluntarily disclaimed Claims 1-5, 11, 12, and 15 of the '441 Patent such that Claim 16 was the only remaining claim at issue in the petition. (D.E. No. 16-9, Ex. H to Mov. Br.; D.E. No. 16-10, Ex. I to Mov. Br. at 8). The PTAB ultimately declined to institute IPR with respect to any remaining claim within the '441 Patent. *Tristar Prod., Inc.*, 2015 WL 5169147.

Defendant contends that Plaintiff's voluntarily disclaimer of Claim 11 within the '441 Patent had the legal effect of creating an adverse judgment as to that claim. (Mov. Br. at 7–8). Again, the Court disagrees. After Tristar filed an IPR with respect to Claims 1, 2, 5, 11, 12, 15, and 16 of the '441 Patent, Plaintiff only voluntarily disclaimed Claims 1-5, 11, 12, and 15 of the '441 Patent, but made clear that Claim 16 remained at issue in the petition. (D.E. No. 16-10, Ex. I to Mov. Br. at 8 ("Choon's has disclaimed claims 1–5, 11, 12 and 15. [] Thus, this Petition now only concerns claim 16.")). By disclaiming a subset of the challenged claims in the petition, Plaintiff did not disclaim the entire patent under § 42.73(b)(1). Nor did Plaintiff disclaim all challenged claims in the petition such that there were no remaining claims in the trial under § 42.73(b)(2)—Claim 16 remained at issue. *Id; see also Intel Corp.*, 2020 WL 719058, at * 6. As such, Plaintiff's voluntary disclaimer of Claim 11 could not have amounted to a request for adverse judgment under 42.73(b)(1)–(2).[9] And in fact, it appears that the PTAB never entered adverse judgment with respect to that claim. Rather, after Plaintiff disclaimed Claims 1–5, 11, 12, and 15 of the '441 Patent, the PTAB declined to institute IPR with respect to any remaining claim. *Tristar*, 2015 WL 5169147. Accordingly, the Court cannot say that Plaintiff is taking an action inconsistent

---

[9] In its moving brief, Defendant appears to suggest, through a cursory citation, that Plaintiff's voluntarily disclaimer of Claim 11 of the '441 Patent amounted to an adverse judgment as to that claim under 37 C.F.R. § 42.73(b)(3) based on a "concession of unpatentability." (*See* Mov. Br. at 7). Defendant, however, does not point to any statements made by Plaintiff to indicate that Plaintiff conceded that Claim 11 of the '441 Patent is unpatentable. And other than providing a conclusory citation to 37 C.F.R. § 42.73(b)(3), Defendant does not explain why this provision is applicable to the instant motion. As such, the Court finds 37 C.F.R. § 42.73(b)(3) inapplicable.

11

with any adverse judgment sought or rendered with respect to Claim 11 of the '441 Patent under § 42.73(d)(3).

Again, Defendant contends that because Plaintiff voluntarily disclaimed claims within the '441 Patent, Plaintiff effectively acknowledged that those claims are invalid. (Mov. Br. at 7; Reply at 13). According to Defendant, because Claim 11 of the '441 Patent, which Plaintiff disclaimed, is patentably indistinct from Claim 10 of the '631 Patent, Plaintiff has also acknowledged that Claim 10 of the '631 Patent is invalid. (Mov. Br. at 11). To the extent Defendant asserts that Plaintiff disclaimed Claim 11 of the '441 Patent because it recognized that Claim 11 was invalid, Defendant overlooks the possibility that there might be other reasons for Plaintiff to have disclaimed that claim. And as stated above, regardless, the sole basis of Defendant's motion to dismiss is that § 42.73(d)(3) estops Plaintiff from, in the language of that regulation, "taking action inconsistent with the adverse judgment." (Mov. Br. at 1 & 8–13; Reply at 3 & 13). As explained above, that provision is inapplicable with respect to Claim 11 of the '441 Patent. *Zenacon, LLC*, 2015 WL 539441, at *15.

    **C.**    **The '565 Patent**

Third, Defendant asserts that Plaintiff's Complaint should be dismissed because the prosecution and enforcement history of the '565 Patent indicates that at least Claim 10 of the '631 Patent is invalid and unenforceable as a matter of law. (Mov. Br. at 1). More specifically, with respect to the '565 Patent, in December 2013, LaRose Industries, LLC, filed a petition for IPR with the PTAB, arguing that Claims 1 and 5–14 of the '565 Patent were invalid. (*Id.* at 7); *LaRose Indus., LLC v. Choon's Design, LLC,* No. IPR2014–00218, 2013 WL 6507094 (Petition for IPR) (Dec. 3, 2013); *LaRose Indus., LLC v. Choon's Design, LLC,* No. IPR2014–00218, 2014 WL 2159033, at *1 (P.T.A.B. May 20, 2014). On May 20, 2014, the PTAB preliminarily agreed in

part with LaRose and instituted IPR on Claims 1, 5–8, 10, and 11 of the '565 Patent. *LaRose Indus., LLC*, 2014 WL 2159033, at *12. Before the IPR proceeded to trial, Plaintiff voluntarily disclaimed Claims 1, 5–8, 10, and 11 such that there were no longer any claims at issue in the IPR. *LaRose Indus., LLC v. Choon's Design, LLC,* IPR2014–00218, 2014 WL 3369213, at *1 (June 7, 2014). Plaintiff and LaRose thus filed a joint motion asking the PTAB to enter an adverse judgment against Plaintiff. *Id.* The PTAB did so on June 7, 2014. *Id.*

Defendant argues that Plaintiff has taken actions inconsistent with the adverse judgment rendered with respect to the '565 Patent in contravention to § 42.73(d)(3) by (i) obtaining and (ii) enforcing Claim 10 in the '631 Patent which is not patentably distinct from Claim 1 of the '565 Patent, which was disclaimed.[10] (Mov. Br. at 9–13). To support its argument that Claim 10 of the '631 Patent is not patentably distinct from the claims in the '565 Patent, Defendant points out that the '631 Patent is terminally disclaimed over Claim 1 of the '565 Patent. (Mov. Br. at 3–6, 6 & 13; D.E. No. 16-2, Ex. A to Mov. Br. ¶ 7).[11] As such, Defendant contends that Plaintiff is attempting to enforce a patent claim in the '631 Patent—Claim 10—that it knows is invalid and unenforceable. (Mov. Br. at 8).

In opposition, Plaintiff contends that Claim 10 of the '631 Patent is patentably distinct from Claim 1 of the '565 Patent that was subject to adverse judgment. (Opp. Br. at 15). Further,

---

[10] While Defendant also asserts that Claim 10 of the '631 Patent is patentably indistinct from Claim 9 of the '565 Patent, which was disclaimed, it does not appear, based on Defendants' submissions, that Plaintiff ever disclaimed Claim 9 of the '565 Patent. (Mov. Br. at 13 (citing D.E. No. 16-4, Ex. C to Compl; D.E. No. 16-5, Ex. D to Compl. & D.E. No. 16-6, Ex. E to Compl.)). As such, the Court does not address whether Claim 10 of the '631 Patent is patentably indistinct from Claim 9 of the '565 Patent.

[11] During prosecution of the '631 Patent, the examiner rejected the then-pending claims for obvious type double patenting in light of the '565 Patent. (D.E. No. 16-2, Ex. A to Mov. Br. ¶ 7). Rather than contesting the rejection, the applicant of the '631 Patent filed a terminal disclaimer. (D.E. No. 16-3, Ex. B. to Mov. Br. at 1). As such, by filing the terminal disclaimer, Plaintiff disclaimed the portion of the term of the '631 Patent which extended beyond the expiration date of the '565 Patent, allowing the '631 Patent to issue. Defendant contends that Plaintiff's filing of the terminal disclaimer indicates that Claim 10 of the '631 Patent is not patentably distinct from the claims in the '565 Patent, including Claim 1. (Mov. Br. at 5–6).

according to Plaintiff, the fact that Claim 10 of the '631 Patent was terminally disclaimed over Claim 1 of the '565 Patent does not indicate that the two claim terms are patentably indistinct from one another. (*Id.* at 15–16). As such, Plaintiff argues that no estoppel effect can attach to its procurement and enforcement of Claim 10 of the '631 Patent under § 42.73(d)(3). (*Id.*). Unlike the '420 Patent and '441 Patent, the '565 Patent was subject to an adverse judgment after Plaintiff disclaimed all claims at issue in the petition, namely Claims 1, 5–8, 10, and 11. *LaRose*, 2014 WL 3369213, at *1. Nevertheless, for the reasons set forth below, the Court cannot find as a matter of law that Plaintiff took any action inconsistent with this adverse judgment by procuring and enforcing, as Defendant asserts, a patentably indistinct claim.

  Defendant appears to contend that the proper method of analyzing estoppel under § 42.73(d)(3) is to determine whether Claim 1 of the '565 Patent, which was disclaimed, and Claim 10 of the '631 Patent, asserted in this case, are "patentably distinct." (Mov. Br. at 10–12). The "patentably distinct" test has been applied in other contexts in patent law, such as in determining whether there is obviousness-type double patenting. *See, e.g., Eli Lilly & Co. v. Barr Labs., Inc.*, 251 F.3d 955, 968 (Fed. Cir. 2001). In these other contexts, "patentably distinct" means that the claim at issue is more than simply an obvious variation over a prior patent claim. *Id.* At least one court has adopted this test in analyzing whether claim terms are patentably distinct in the context of § 42.73(d)(3). *Zenacon, LLC*, 2015 WL 539441, at *8–9; *see also Motorola Mobility, LLC v. Softview LLC*, 2022 WL 4398058, at *10 (P.T.A.B. Sept. 22, 2022) ("The Board correctly held that the phrase 'patentably distinct' is used in § 42.73(d)(3)(i) in the obviousness sense . . . mean[ing] that the claim at issue is more than simply an obvious variation over a prior patent claim."). Following this approach, to determine whether Claim 10 of the '631 Patent is patentably distinct from Claim 1 of the '565 Patent, the Court must ask whether it would be implausible for

14

a person having ordinary skill in the art to find the invention of Claim 10 of the '631 Patent not obvious in view of Claim 1 of the '565 Patent. *Zenacon, LLC*, 2015 WL 539441, at *8–9.

In arguing that Claim 10 of the '631 Patent is not patentably distinct from Claim 1 of the '565 Patent, Defendant points out that the two claims recite the same core elements. (Mov. Br. at 11 (comparing elements of Claim 10 of the '631 Patent with Claim 1 of the '565 Patent)). In contrast, Plaintiff has identified limitations in Claim 10 of the '631 Patent that are not contained in Claim 1 of the '565 Patent—limitations that it asserts may affect the scope of the claims and render them patentably distinct from one another. (Opp. Br. at 15). For example, though both claims recite a "kit for creating an item consisting of a series of links," Plaintiff notes that unlike Claim 1 of the '565 Patent, Claim 10 of the '631 Patent recites "at least one clip . . . for securing ends of the series of links together." ('631 Patent at 4:41–47; Opp. Br. at 15; Mov. Br. at 11 (citing '631 Patent at Claim 10 & '565 Patent at Claim 1)).

Based on the record before the Court at this stage—without the benefit of claim construction, the parties' arguments on claim construction, or any expert opinion—the Court is not in a position to hold that the differences in the limitations contained in Claim 10 of the '631 Patent versus Claim 1 of the '565 Patent would not render the claims patentably distinct. And other than laying out the two claims next to one another to point out their similarities, Defendant offers no arguments as to why this Court should hold as a matter of law that they are patentably indistinct at this stage. (*See e.g.,* Mov. Br. at 11). As such, Defendant has not shown that it would be implausible for a person having ordinary skill in the art to find the invention of Claim 10 of the '631 Patent not obvious in view of Claim 1 of the '565 Patent at this stage. And as a result, the Court cannot say, for the purposes of a motion to dismiss, that § 42.73(d)(3) bars Plaintiff from procuring or enforcing Claim 10 of the '631 Patent in this action based on that fact that it is

patentably indistinct from Claim 1 of the '565 Patent. *See Stragent, LLC v. BMW of N. Am., LLC*, No. 20-0510, 2021 WL 1147468, at *6–7 (D. Del. Mar. 25, 2021) (finding that 37 C.F.R. § 42.73(d)(3) did not bar the plaintiff from asserting patents in suit because at the motion to dismiss stage the court was unable to determine whether the claims of the patents in suit were patentably indistinct from other patent claims held invalid by the PTAB without benefit of claim construction and expert testimony); *Zenacon, LLC*, 2015 WL 539441, at *13 (declining to hold that patent claims were patentably indistinct for purposes of applying 37 C.F.R. § 42.73(d)(3) at the motion to dismiss stage because "at this early stage of the case, the [c]ourt is not prepared to say that it is implausible that one skilled in the art would find the particular method set out in claim 14 unobvious with only the kits of claims 1, 8, 10, and 11.").

The fact that Claim 10 of the '631 Patent is terminally disclaimed over Claim 1 of the '565 Patent does not alter the Court's conclusion. While a terminal disclaimer offers a strong clue that continuation patent claims are patentably indistinct from those in the parent patent, the disclaimer is not dispositive and is not equivalent to a concession that the two sets of claims are indistinct. *See SimpleAir*, 884 F.3d at 1168; *Ventana Med. Sys., Inc. v. Biogenex Labs., Inc.,* 473 F.3d 1173, 1184, n.4 (Fed. Cir. 2006) ("The inventors responded to the obviousness-type double patenting rejection by filing a terminal disclaimer. BioGenex argues that the filing of the terminal disclaimer represents an admission by the inventors 'equating all claims of the '535 application to all claims of the '861 Patent.' . . . We disagree."). Here, then, absent a determination of claim scope—which is premature on this procedural posture—the fact that Claim 10 of the '631 Patent is terminally disclaimed over Claim 1 of the '565 Patent does not automatically establish that they are patentably indistinct. *See, e.g., Zenacon, LLC*, 2015 WL 539441, at *16; *Stragent*, 2021 WL 1147468, at *5.

Finally, Defendant contends that because Plaintiff voluntarily disclaimed claims within the '565 Patent, Plaintiff acknowledged that those claims are invalid. (Mov. Br. at 6; Reply at 13). According to Defendant, because Claim 1 of the '565 Patent, which Plaintiff disclaimed, is patentably indistinct from Claim 10 of the '631 Patent, Plaintiff has also acknowledged that Claim 10 of the '631 Patent is invalid. Again, to the extent Defendant asserts that Plaintiff disclaimed Claim 1 of the '565 Patent because it recognized that Claim 1 was invalid, Defendant overlooks the possibility that there might be other reasons for Choon to have disclaimed that claim. Regardless, the sole basis of Defendant's motion to dismiss is that 37 C.F.R. § 42.73(d) (3) estops Plaintiff from "taking action inconsistent with the adverse judgment." (Mov. Br. at 1 & 8–13; Reply at 3 & 13). And as explained above, the Court cannot say at this stage that § 42.73(d)(3) bars Plaintiff from procuring or enforcing Claim 10 of the '631 Patent in this action based on the adverse judgment rendered as to Claim 1 of the '565 Patent.

In sum, the Court finds that it cannot say at this stage in the litigation that Claim 10 of the '631 Patent and Claim 1 of the '565 Patent are patentably indistinct such that Plaintiff is estopped from enforcing Claim 10 of the '631 Patent pursuant to § 42.73(d)(3).[12]

---

[12] In support of its argument that Claim 10 of the '631 Patent should be held invalid and unenforceable as a matter of law, Defendant cites to the court's decision in *Capella Photonics, Inc. v. Ciena Corp.*, 546 F. Supp. 3d 977 (N.D. Cal. 2021). (Mov. Br. at 8–9). There the court stated that a PTAB determination of invalidity as to originally issued patent claims should have collateral estoppel effect with regards to substantially identical claims in a reissued patent. *Capella*, 546 F. Supp. 3d at 985. This statement, however, has little applicability to the present case where, as described above, there was no adverse judgment as to Claims 6 and 8 of the '420 Patent and Claim 11 of the '441 Patent that could create an estoppel effect. And, as described above, the Court cannot say at this stage, as a matter of law, that Claim 10 of the '631 Patent is patentably indistinct from Claim 1 of the '565 Patent. As such, the Court is not persuaded by Defendant's arguments in reliance on *Cappella*.

Moreover, to the extent Defendant argues that Claim 10 of the '631 Patent should be held invalid and unenforceable under principles of collateral estoppel, the Court finds any such argument unavailing. (Mov. Br. at 9). Under Third Circuit law, collateral estoppel applies when "(1) the identical issue was previously adjudicated; (2) the issue was actually litigated; (3) the previous determination was necessary to the decision; and (4) the party being precluded from relitigating the issue was fully represented in the prior action." *Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 249 (3d Cir. 2006) (internal citations omitted). Here, Defendant does not address these factors in arguing that Claim 10 of the '631 Patent should be held invalid and unenforceable based on Plaintiff's disclaimers of claims in the '420, '441, and '565 Patents. Rather, Defendant's argument focuses on the applicability of 37 C.F.R. § 42.73(d)(3) in estopping Plaintiff from taking any action inconsistent with adverse judgments applicable

### D.     Additional Patent Claims

In support of its motion to dismiss, Defendant contends that the only asserted claim in this litigation is Claim 10 of the '631 Patent. (Mov. Br. at 10). While Defendant acknowledges that the Complaint alleges that Defendant infringes *at least* Claim 10 of the '631 Patent, it notes that Plaintiff has provided no factual allegations regarding infringement of any other claims, let alone allegations sufficient to withstand a Rule 12(b)(6) motion to dismiss. (*Id.* at 10 n.3). To support this assertion, Defendant cites to caselaw which emphasizes that, to state a claim for direct patent infringement, a plaintiff must identify how the accused product infringes on every element of "*at least* one claim in each of the plaintiff's patents." (Reply at 2 (citing *Miller Indus. Towing Equip. Inc. v. NRC Indus.*, 582 F. Supp. 3d 199, 203 (D.N.J. 2022) (emphasis added)). Accordingly, because Defendant argues that Claim 10 of the '631 Patent is invalid and unenforceable as a matter of law, it argues that the whole Complaint must be dismissed. (Mov. Br. at 10). In opposition, Plaintiff contends that its claims of infringement are not limited just to Claim 10 of the '631 Patent and there is no requirement under Rule 12(b)(6) to identify all—or even any—of the claims that are infringed in the Complaint. (Opp. Br. at 7–9). As such, Plaintiff contends that even if the Court were to hold that Claim 10 is invalid and unenforceable as a matter of law, it should not dismiss the entirety of the Complaint. (*Id.*). Because the Court finds Defendant's arguments in favor of dismissing Plaintiff's infringement claims premised on Claim 10 of the '631 Patent unavailing, it need not resolve this dispute, because even under Defendant's cited caselaw Plaintiff

---

to the '420, '441, and '565 Patents. (Mov. Br. at 8–13; Reply at 3). To be sure, the Federal Circuit has stated that, at least under some circumstances, the result of applying § 42.73(d)(3) is "no different than what is mandated under traditional principles of res judicata and collateral estoppel." *Regents of the Univ. of Minn. v. LSI Corp.*, 926 F.3d 1327, 1345 n.5 (Fed. Cir. 2019). Nevertheless, to the extent that Defendant attempts to raise any collateral estoppel argument, separate and apart from its arguments regarding estoppel under § 42.73(d)(3), the Court will not entertain such an argument based only on Defendant's conclusory assertion that collateral estoppel applies and without any analysis of the elements of collateral estoppel.

has identified how the Accused Products infringe on every element of *at least* one claim in the '631 Patent—Claim 10.[13]

## IV.   CONCLUSION

Based on the foregoing, Defendant's motion (D.E. No. 16) is **DENIED**.  An appropriate Order follows.

Dated: September 29, 2023                                        *s/ Esther Salas*
                                                                                                       **Esther Salas, U.S.D.J**

---

[13]   In arguing that its claim of infringement is not limited to Claim 10 of the '631 Patent, Plaintiff also argues that the Accused Products infringe Claims 13 and 14 of the '631 Patent. (Opp. Br. at 10–11). In Reply, Defendant argues that any claims of infringement based on Claims 13 and 14 of the '631 Patent are not adequately alleged in the Complaint and regardless, it contends that like Claim 10 of the '631 Patent, Claims 13 and 14 are also invalid and unenforceable. (Reply at 10–13). Because the Court finds Defendant's arguments in favor of dismissing Plaintiff's infringement claims based on Claim 10 of the '631 Patent unavailing, it need not resolve this dispute, because even under Defendant's cited caselaw Plaintiff has identified how the Accused Products infringe on every element of *at least* one claim in the '631 Patent—Claim 10. As such its allegations are sufficient to withstand Defendant's motion regardless of whether Plaintiff also argues that Defendant is infringing Claims 13 and 14 of the '631 Patent.