UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **CHOON'S DESIGN LLC,** | : | Civil Action No. 22-6424 (ES) |
| **Plaintiff,** | : | |
| v. | : | **OPINION AND ORDER** |
| **WECOOL TOYS INC.,** | : | |
| **Defendant.** | : | |

**CLARK, Magistrate Judge**

    **THIS MATTER** comes before the Court on a motion by Defendant WeCool Toys Inc. (the "Defendant") to stay this case in its entirety pending an *ex parte* reexamination of a single patent, U.S. Patent No. 8,899,631 ("the '631 Patent"), by the U.S. Patent and Trademark Office ("USPTO") [Dkt. No.30]. Plaintiff Choon's Design LLC (the "Plaintiff") opposes the motion [Dkt. No. 37], and Defendant filed a reply thereto [Dkt. No. 38]. The Court has fully reviewed and considered all of the papers submitted in support of and in opposition to Defendant's motion and considers the same without oral argument pursuant to L. Civ. R. 78.1(b). For the following reasons, Plaintiff's motion [Dkt. No. 30] is **GRANTED**.

**I.    BACKGROUND**

    Plaintiff filed a Complaint on November 2, 2022 alleging infringement of the '631 Patent. *See* Dkt. No. 1. Generally, Plaintiff alleges that Defendant infringes the '631 Patent by making, using, offering for sale, selling, and/or importing certain rubber band loom kits. *Id.* On December 12, 2022, Defendant moved to dismiss Plaintiff's Complaint for failing to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 16.

Defendant's motion to dismiss was denied on September 29, 2023. *See* Dkt. Nos. 34 & 35. Following the denial of the motion to dismiss, on October 13, 2023, Defendant filed an answer asserting several affirmative defenses and raising a total of nine counterclaims including a claim for declaratory judgment of invalidity and non-infringement of the '631 Patent, as well as claims of "tortious interference with business relations and prospective economic advantages, abuse of process, and monopolization." *See* Dkt. No. 36 at p. 18.

A pretrial scheduling order was entered on February 21, 2023. Dkt. No. 22. In the scheduling order, the Court set discovery deadlines, including a deadline of January 17, 2024 to finish fact discovery. *Id.* The Court further set deadlines for the parties to file their respective *Markman* submissions regarding claim construction. *Id.* Presently, *Markman* submissions have been filed and the parties are awaiting a hearing to be conducted by Judge Salas. *See* Dkt. Nos. 28, 29, 40, 41, and 45. There is currently no date set for a pretrial conference or trial. On December 18, 2023, the parties filed a joint motion for an extension of time to complete discovery. Dkt. No. 46. In the motion, the parties stipulate that additional time is needed to complete discovery, including discovery related to Defendant's counterclaims, and that no depositions have been taken. *Id.*

While the motion to dismiss was pending, Defendant filed a request for *ex parte* reexamination of the '631 Patent with the USPTO on August 9, 2023. *See* Dkt. No. 30-2, Exhibit A. The request is challenging every claim of the '631 Patent. *Id.* On September 13, 2023, the USPTO granted Defendant's request for *ex parte* reexamination on the basis of a substantial new question of patentability as to every claim (claims 1-24) of the '631 Patent. *Id.* Specifically, the USPTO's reexamination will determine if one or more of several prior art references render the '631 patent claims invalid. *Id.* The USPTO's *ex parte* reexamination process does not have a

2

definitive pendency period, but the average pendency period from filing date to certificate issue date is 25.7 months, and the median pendency is approximately 19.3 months. *See* Dkt. No. 30-3, Exhibit B (2020 USPTO statistics). According to statistics provided by the USPTO, when requested by a third-party, as is the case here, 64.4% of the claims that were reexamined were altered in some way and 14.2% of all claims were canceled entirely. *Id.* In sum, the statistics show that approximately 78.6% of *ex parte* reexaminations result in either the alteration of a claim or cancellation. *Id.* As such, Defendant requests that this matter be stayed until the claims are set and/or terminated.

## II. DISCUSSION

### a. Legal Standard

District courts have broad powers to stay proceedings. *Bechtel v. Laborers' Int'l Union*, 544 F.2d 1207, 1215 (3d Cir. 1976). In the context of patent cases, courts have "consistently recognized the inherent power of the district courts to grant a stay pending reexamination of a patent." *Procter & Gamble v. Kraft Foods Global, Inc.*, 549 F.3d 842, 849 (Fed. Cir. 2008); *see also Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). ("Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination."); *Viskase Corp. v. Am. Nat'l Can Co.*, 261 F.3d 1316, 1328 (Fed. Cir. 2001) (staying a patent case during PTAB-related proceedings is discretionary.).

The District of New Jersey has recognized a generally liberal policy toward granting stays pending patent reexamination-type proceedings. *Kirsch Rsch. & Dev., LLC v. GAF Materials, LLC*, No. CV 20-13683 (JMV), 2021 WL 2434082, at *2 (D.N.J. June 15, 2021) (*citing Mondis Technology Ltd. v. LG Electronics, Inc.*, 2015 WL 7012747, at *5 (D.N.J. Nov. 12, 2015)); *Sabert Corp. v. Waddington N. Am., Inc.*, 2007 WL 2705157, at *5-6 (D.N.J. Sept. 14, 2007); *Cima Labs*

*Inc. v. Actavis Group HF*, 2007 WL 1672229, at *9 (D.N.J. June 7, 2007). In fact, most reported opinions in this District that consider this issue have granted a stay when a reexamination request was pending. *Mondis*, 2015 WL 7012747, at *5 (*citing Brass Smith, LLC v. RPI Indus., Inc.*, No. 09-6344, 2010 WL 4444717, at *6 (D.N.J. Nov. 1, 2010) (listing relevant cases)). This policy arises due to the potential for waste of the court's time and resources when a USPTO decision could drastically alter the nature of the litigation. *See WABCO Holdings, Inc. v. Bendix Commercial Vehicle Sys.*, 2010 WL 2628335, at *2 n.2 (D.N.J. June 28, 2010); *see also Nasdaq Inc. v. IEX Group, Inc.*, 2019 WL 8268544, at *6 (D.N.J. Sept. 13, 2019) ("Although every case is fact specific, almost every reported New Jersey District Court opinion that has considered the issue has granted a stay where a reexamination request was pending.").

However, a stay pending USPTO reexamination is not automatic, because a "stay in litigation inevitably causes further delay in an already lengthy process, and could potentially harm [the opposing party]." *Brass Smith*, 2010 WL 4444717, at *2 (*quoting Eberle v. Harris*, No. 03-5809, 2005 WL 6192865, at *2 (D.N.J. Dec. 8, 2005)). Though the occurrences are few, a stay has most often been denied because the case was in a "late state of litigation, [ ] discovery was or would be almost completed, or the matter had been marked for trial." *Mondis Technology Ltd.*, 2015 WL 7012747, at *5 (*quoting GPAC, Inc. v. D.W.W. Enterprises, Inc.*, 144 F.R.D. 60, 64 (D.N.J.1992)).

The party seeking a stay of a civil litigation bears the burden of demonstrating that a stay is appropriate. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In determining whether to stay a case pending reexamination of a patent, courts consider three factors: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues and the trial of the case, and (3) whether discovery is complete and a

trial date has been set." *Kirsch,* 2021 WL 2434082, at *3; *see also APP Pharma, LLC v. Ameridose, LLC*, 2011 WL 816622, at *2 (D.N.J. Mar. 8, 2011) (*citing Xerox Corp. v. 3ComCorp.*, 69 F. Supp. 2d 404, 406 (W.D.N.Y.1999)). *WABCO,* 2010 WL 2628335, at *2. The Court will address each of these factors below.

### i. Undue Prejudice or Clear Tactical Disadvantage

The first factor for consideration in analyzing Defendant's request for a stay is "whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Stryker Trauma S.A. v. Synthes (USA)*, No. 01–3879, 2008 WL 877848, at *1 (D.N.J. Mar. 28, 2008). In analyzing this first factor, courts weigh whether disadvantages from any delay are outweighed by advantages of permitting the USPTO to complete its reexamination before proceeding with the case. *See ICI Uniqema v. Kobo Prods., Inc.*, 2009 WL 4034829, at *2 (D.N.J. Nov. 20, 2009). Importantly, "delay inherent to the reexamination process does not constitute, by itself, undue prejudice." *CCP Sys. AG v. Samsung Elecs. Corp.*, 2010 WL 5080570, at *3 (D.N.J. Dec. 7, 2010) (internal citations omitted); *see also Everett Labs., Inc. v. River's Edge Pharms., LLC*, 2009 WL 4508584, at *4 (D.N.J. Nov.24, 2009) (noting that "delay, alone, is not dispositive of the issue of prejudice, particularly given such delay is common to all stayed cases."). Nor does any delay in filing for reexamination show that there is a tactical disadvantage to the non-moving side. *CCP Sys. AG*, 2010 WL 5080570, at *3 (noting that a party waiting over eight months after filing its counterclaims before requesting reexamination "is not necessarily evidence of an improper delay"); *see, e.g., In re Laughlin Prods., Inc., Patent Litig.*, 265 F.Supp.2d 525, 532 (E.D.Pa.2003) (reexamination request was timely even though reexamination requester knew of prior art for over two years).

5

Here, the Court is not convinced that granting a stay in this action would unduly prejudice Plaintiff or give Defendant a clear tactical advantage in this litigation. As noted above, the delay inherent in a reexamination does not create undue prejudice on its own, and thus any delay from the reexamination proceeding does not alone outweigh the liberal policy of imposing a stay in this District. *See CCP Sys. AG*, 2010 WL 5080570, at *3. In arguing that a stay would be unduly prejudicial or result in a tactical advantage to Defendant, Plaintiff argues that Defendant's choice of filing for an *ex parte* reexamination, rather than an *inter partes* reexamination, was a tactical move to delay litigation. *See* Dkt. No. 37 at p. 7. Plaintiff claims that *inter partes* reexaminations are a quicker way to reexamine patents, and that Defendant's delay in initiating an *ex parte* reexamination months after the Complaint was filed was done in bad faith. However, in considering this factor, the type of reexamination is irrelevant. Moreover, speculation that there was bad faith in Defendant's choice to initiate an *ex parte* reexamination months after the Complaint was filed is merely speculative.

Plaintiff further argues that the parties are competitors in the marketplace, and that when a stay pending reexamination is sought between two competitors, then the granting of a stay would unduly prejudice the non-moving party. *See* Dkt. No. 37 at p. 6. However, "the fact that the parties are direct competitors in the marketplace does not necessarily translate to undue prejudice for [p]laintiff." *Synchronoss Techs., Inc. v. Asurion Mobile Applications, Inc*., No. CIV.A. 11-5811 FLW, 2013 WL 1192266, at *5 (D.N.J. Mar. 22, 2013). Competition may increase the *risk* of prejudice, but such prejudice still must be shown. *TPK Touch Sols., Inc v. Wintek Electro-Optics Corp*., No. 13-CV 02218-JST, 2013 WL 6021324, at *5 (N.D. Cal. Nov. 13, 2013) (emphasis added). Moreover, any damages incurred from the parties being in competition with one another can be cured at the conclusion of the lawsuit. *Nasdaq, Inc. v. Miami Int'l Holdings, Inc*., No. CV

17-6664-BRM-DEA, 2018 WL 3814280, at *4 (D.N.J. Aug. 10, 2018) ("[a] stay will not diminish the monetary damages to which [a patentee] will be entitled if it succeeds in its infringement suit—it only delays realization of those damages and delays any potential injunctive remedy.") (*citing VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014)).

In sum, Plaintiff has not shown that, other than the inherent delay in proceedings, which itself does not amount to undue prejudice, that it is unduly prejudiced or put at a significant tactical disadvantage if there is to be a stay in proceedings. Therefore, the Court finds that this factor weighs in favor of granting a stay.

### ii. Simplification of Issues in Question

The second factor for consideration in evaluating Defendant's motion to stay this action is "whether a stay will simplify the issues in question and trial of the case." *Stryker Trauma*, 2008 WL 877848, at *1. Reexamination proceedings may simplify litigation by the "cancellation, clarification, or limitation of claims" that may eliminate the court's need to litigate whether a defendant has infringed one or more of the asserted claims. *Ethicon*, 849 F.2d at 1428. Thus, a stay could "prevent resources from being expended on invalid or amended claims." *ICI Uniqema*, 2009 WL 4034829, at *2 (D.N.J. Nov. 20, 2009). Furthermore, "even if the reexamination [does] not lead to claim amendment or cancellation, it could still provide valuable analysis to the district court." *Ethicon*, 849 F.2d at 1428. The District of New Jersey has noted several potential advantages in which a stay pending reexamination by the USPTO can simplify the pending litigation, namely:

> (1) a review of all prior art presented to a court by the PTO, with its particular expertise; (2) the potential alleviation of numerous discovery problems relating to prior art by PTO examination; (3) the potential dismissal of a civil action should invalidity of a patent by found by the PTO; (4) encouragement to settle based upon the outcome of the PTO reexamination; (5) an admissible record at trial from the PTO proceedings which would reduce the complexity and length of the litigation;

> (6) a reduction of issues, defenses and evidence during pre-trial conferences; and
> (7) a reduction of costs for the parties and a court.

*Eberle*, 2005 WL 6192865, at *2 (*citing GPAC*, 144 F.R.D. at 63). The Court need not find that all issues will be eliminated by a reexamination to grant a stay, but the mere fact that the USPTO's reexaminations may create simplification of issues in the case is a sufficient reason to support granting a stay. *Mondis*, 2015 WL 7012747, at *7 (*citing Indus. Tech. Research Inst. v. LG Elecs. Inc.*, No. 12-949, 2013 WL 5180108, at *8 (D.N.J. Sept. 12, 2013)).

Here, given the likelihood that a reexamination will somewhat alter or dispose of the claims, the Court finds that a reexamination will simplify or otherwise assist the Court in its disposition of the matter. Namely, the Court will benefit from review of the scope of the asserted claims and the USPTO's analysis of the '631 Patent in relation to the prior art noted in its order granting the reexamination request. What is more, the USPTO may dispose of or amend one or more of the claims raised in this case, creating the possibility that this case may be simplified without further effort from this Court. As Defendant notes, the USPTO seems very likely to dispose of or amend at least one claim in the case, given the USPTO's historical statistics for patent reexamination. Given the strong likelihood that the USPTO will reject or amend at least one claim at issue in this litigation, thus simplifying the action before this Court, the Court finds that this factor weighs towards granting a stay.

### iii. Status of Discovery and Existence of Trial Date

The third factor considered in evaluating a motion to stay proceedings is "whether discovery is complete and whether a trial date has been set." *Stryker Trauma*, 2008 WL 877848, at *1. This factor often weighs against a stay when the case is in the "late stage of litigation, [when] discovery was or would be almost completed, or the matter had been marked for trial." *Mondis*

*Technology Ltd.*, 2015 WL 7012747, at *5 (*quoting GPAC,* 144 F.R.D. at 64); *see also Kirsch*, 2021 WL 2434082, at *5.

Here, fact discovery began in February 2023 and is ongoing. While *Markman* briefs have been submitted for claim construction purposes, neither a *Markman* hearing date nor a trial date has been set by this Court. Furthermore, the parties seek more time to conduct discovery, no depositions have been taken, no expert reports have been exchanged, and no dispositive motions have been filed with the Court. Discovery in this case is certainly not complete. Therefore, the Court finds that this factor weighs in favor of granting a stay.

### III.   CONCLUSION & ORDER

For the foregoing reasons, the Court having considered all papers filed in support of said motion; and for good cause having been shown;

**IT IS** on this 8th day of February, 2024,

**ORDERED** that Defendants motion to stay pending reexamination [Dkt. No. 30] is hereby **GRANTED**, and it is further

**ORDERED** that Defendant's counsel is required to notify the Court within five (5) days of any action by the USPTO concerning the patent claims under review, and it is further

**ORDERED** that the Clerk is directed to administratively terminate the action during the stay of this action.

  s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**